UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HARVEY E. PAGE | ) | |
| | ) | |
| v. | ) | NO. 2:98-CR-06 |
| | ) | NO. 2:04-CV-32 |
| UNITED STATES OF AMERICA | ) | |

## **CORRECTED MEMORANDUM OPINION AND O R D E R** [1]

This matter is before the Court to address a Motion to Vacate, Correct or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255.[Doc. 405, 1]  The petitioner, Harvey E. Page ["Page"], has raised seventeen issues in his *pro se* motion and his court appointed counsel has added one additional issue. [2]

This case involved a conspiracy to distribute cocaine base (or "crack") which occurred from on or about May, 1996, until approximately August 15, 1997. Keith Linton, David Hill, Thomas Powers, and others would transport crack and powder cocaine from Florida to Tennessee. Linton and Hill would then have the powder cocaine made into crack and would distribute the crack to Powers, Page and other indicted and unindicted individuals in order to facilitate additional sales in Tennessee. The petitioner was found

---

[1] A Memorandum Opinion and Order was filed in this matter on March 30, 2007 [Doc. 38]. This opinion corrects a typographical error in footnote 7 of that opinion.

[2] Petitioner raises fourteen *pro se* claims of constitutionally ineffective assistance of counsel and three *pro se* claims of other error.

guilty by a jury of Count 1 which charged a conspiracy to distribute and to possess with the intent to distribute an unspecified amount of crack. He was not charged in any other counts of the indictment. After finding that 1.5 kilos of crack were attributable to the petitioner, the court sentenced him to 360 months imprisonment.

On appeal, the Sixth Circuit vacated the petitioner's thirty-year sentence and remanded for re-sentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Sixth Circuit found an unpreserved "plain error" because the district court's attribution of at least 1.5 kilograms of crack to the petitioner triggered a guideline range of thirty years to life. However, under 21 U.S.C. § 841(b)(1)(C), the statutory maximum penalty for a conspiracy involving an unspecified amount of crack was twenty years. *United States v. Page*, 232 F.3d 536, 542-45 (6th Cir.2000).

Following remand, the district court sentenced Page to twenty years of imprisonment. The Sixth Circuit affirmed the petitioner's amended judgment of conviction and sentence on appeal and held that the district court's determination of a drug quantity for sentencing purposes did not violate *Apprendi*, the government's failure to allege a drug quantity in the indictment did not render the indictment constitutionally infirm, and the defendant's federal narcotics prosecution and sentencing did not deprive him of his due process and trial by jury rights. *United States v. Page*, 58 Fed.Appx. 79 (6th Cir. 2003) (Not selected for publication in the Federal Reporter).

## *ANALYSIS*

**Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle his to relief. *Green v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F. 2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the

error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

The Supreme Court has established a two-pronged test for evaluating ineffective assistance of counsel claims in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail under that test, Page must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced him. *Strickland*, 466 U.S. at 687; *Gillette v. Tansy*, 17 F.3d 308, 310 (10th Cir. 1994).

Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'" *Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689); accord *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L.Ed.2d 305 (1986).

**Issues Resolved on Direct Appeal**

As an initial matter, it is clearly settled that once an issue has been adjudicated on direct appeal, it cannot be revisited under the guise of a motion to vacate. See *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975). The following issues raised by the petitioner were resolved on direct appeal and cannot serve as a basis for relief in this § 2255 motion:[3]

1. Counsel was ineffective for failing to object when the court ruled that a statement couldn't be used but the government presented contents of the statement; [4]

2. Counsel is ineffective for failing to raise on appeal that the movant's statement was not voluntary;

3. The District Judge's interpretation and application of the Sentencing Guidelines for base offense level 38 was clear error;

4. The District Judge's adoption of findings of fact exclusively from the PSR

---

[3] These issues are stated in the Court's opinion as they are stated by Page in his motion.

[4] Page premises his argument on an alleged agreement by the United States not to use his statement at trial; however, the record contains no facts to establish such an agreement and, in any event, Page can show no prejudice since he clearly knew of the statement and actually moved the district court to suppress it.

cannot be sustained (quantity of drugs); [5] and

     5. Trial/Appellate counsel failed to object to trial court reading testimony to a deliberating jury without providing jury with a copy of the transcript.

On direct appeal, the Sixth Circuit affirmed the district court's denial of Page's motion to suppress his statements, found that he had "knowingly and voluntarily waived his *Miranda* rights" at the time he gave the statement [6] (Page, 232 F. 3d at Appx. pp. 12-13), found no error in the reading of untranscribed testimony to the jury and no prejudice to Page by the lack of a proper cautionary instruction (Page, 232 F. 3d at Appx. pp. 10-12) and rejected his challenges to the court's fact finding in arriving at his sentence. (Page 58 Fed. Appx. at 82-83). Thus, Page cannot show that counsel's performance was deficient as to these issues.

**Issues with No Factual or Legal Basis**

In this case, the petitioner failed to present any factual basis (i.e. facts to support his entitlement to relief) for his assertions on the following issues and has failed to present the legal basis for his argument that such actions were objectively deficient performance and prejudicial under *Strickland*. Page's conclusory allegations that his counsel failed to afford effective assistance of counsel without facts to support that assertion does not meet the first prong of the *Strickland* test. *Loum*, 262 F. 2d at 867; *Hill*

---

[5] Page appears now to also raise an objection to consideration by the Court of hearsay contained in the PSR. Page offers no explanation for not earlier raising this objection. In any event, hearsay is admissible in a sentencing hearing. *See U.S. v. Katzopoulos*, 437 F. 3d 569, 576 (6th Cir. 2006).

[6] *Miranda* warnings are required only when a person is subjected to a custodial interrogation.

*v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Miller v. Strauk*, 299 F. 3d 570, 578 (6th Cir. 2002). Even if he could meet the first prong of the *Strickland* test, Page has alleged absolutely no prejudice as a result of counsel's alleged error. Page has the burden of demonstrating prejudice. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

1. Counsel was ineffective for failing to object at trial and to raise on appeal that the district court should have dismissed his second indictment with prejudice for violating the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment;

2. Counsel was ineffective for failing to raise on appeal that the Court abused its discretion (by excusing a juror); and

3. Trial and appellate attorney's failure to challenge Page's current sentence which was enhanced by expired state convictions rendered ineffective assistance.

Page's only argument with respect to the Speedy Trial Act is that the district court never ruled on his motion for a severance, but rather held the motion, thus violating the Speed Trial Act. Page is factually incorrect. His order to sever was denied by the Magistrate Judge on July 1, 1998. [Doc. 162 in No. 2:99-CR-39]. Page also argues that the court failed to make the required "ends of justice" findings as to excludable delays. This, too, is factually incorrect. [See, for example, Doc. 126 in No. 2:95-CR-39]. No other facts are alleged. With respect to Page's argument on the court's release of a juror, Page makes no allegations of prejudice and states no facts from which the court could even remotely find prejudice. As to the third issue above, even if the petitioner has set out facts in regard to his "expired" convictions, his assertions have no support in the law. In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the

*v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Miller v. Strauk*, 299 F. 3d 570, 578 (6th Cir. 2002). Even if he could meet the first prong of the *Strickland* test, Page has alleged absolutely no prejudice as a result of counsel's alleged error. Page has the burden of demonstrating prejudice. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

1. Counsel was ineffective for failing to object at trial and to raise on appeal that the district court should have dismissed his second indictment with prejudice for violating the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment;

2. Counsel was ineffective for failing to raise on appeal that the Court abused its discretion (by excusing a juror); and

3. Trial and appellate attorney's failure to challenge Page's current sentence which was enhanced by expired state convictions rendered ineffective assistance.

Page's only argument with respect to the Speedy Trial Act is that the district court never ruled on his motion for a severance, but rather held the motion, thus violating the Speed Trial Act. Page is factually incorrect. His order to sever was denied by the Magistrate Judge on July 1, 1998. [Doc. 162 in No. 2:99-CR-39]. Page also argues that the court failed to make the required "ends of justice" findings as to excludable delays. This, too, is factually incorrect. [See, for example, Doc. 126 in No. 2:95-CR-39]. No other facts are alleged. With respect to Page's argument on the court's release of a juror, Page makes no allegations of prejudice and states no facts from which the court could even remotely find prejudice. As to the third issue above, even if the petitioner has set out facts in regard to his "expired" convictions, his assertions have no support in the law. In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the

Supreme Court held that a collateral attack on a conviction is not allowed at sentencing unless there has been a previous ruling that a conviction is constitutionally invalid, or unless the conviction has been obtained when counsel has not been available or provided. See *United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995). Therefore, according to *Custis*, defense counsel could not have collaterally attacked the validity of the petitioner's previous state convictions and his state convictions were properly used to enhance his sentence.

### *Issues with No Legal Basis*

The petitioner has failed to present any legal basis that the following actions were objectively deficient performance and prejudicial under *Strickland.*

1. Counsel was ineffective for failing to object at trial and raise on appeal that government failed to correct false testimony.

The petitioner contends that Alice Thornton's testimony at trial in regard to her plea agreement was false. Relying on *Giglio v. United States*, 405 U.S. 150 (1972), Page alleges a constitutional due process violation. Page fails to show how Thornton's testimony was false or how it was material. Even if the testimony was false, the issue is procedurally defaulted and Page has made no attempt to show actual prejudice from his failure to raise the issue on appeal.

2. Counsel was ineffective for failing to argue on appeal that the indictment was constructively amended.

The petitioner contends that the use of "on or about" language in Count 1 of the indictment, which was the conspiracy count, in some way "constructively amended" the indictment. His argument that "on or about" language only applies to "a single act the exact date of which is not precisely known" is contrary to the law. The petitioner's reliance on *United States v. Ford*, 872 F.2d 1231(6th Cir. 1989), is misplaced because that case dealt with an instruction given to a jury that a defendant could be convicted of possessing a firearm after he had been convicted of a felony if the jury found that he had possessed the firearm at any time from the alleged purchase to the alleged possession date. In *Ford*, the Sixth Circuit found that the instruction constructively amended the indictment which charged the defendant with possession on or about certain date, and therefore, reversal of the conviction was warranted. The Sixth Circuit has stated that an "on or about" instruction such as was given in petitioner's case is appropriate in regard to a conspiracy because a conspiracy involves proof of time frames that are more "nebulous." *United States v. Neuroth*, 809 F.2d 339, 342 (6th Cir.1987).
(Doc. 326, pp.12-13).

3. Trial appellate counsel was ineffective for failing to object at resentencing hearing for the probation service not filing a new PSR.

There is no legal authority for this assertion and the petitioner's allegation that he would have received a lesser sentence if a new presentence report had been prepared is not supported by any facts in the record. Page made no effort to show what information in a

9

new PSR would have affected his sentence. Also, in his second direct appeal, his resentencing was affirmed in all respects and new appellate counsel also did not raise this frivolous issue. *Page*, 58 Fed.Appx. at 85.

4. Counsel was ineffective for failing to allow movant to testify when he requested to do so.

The petitioner had already signed a confession to the crime, and therefore, even if he did express a desire to testify, it was not objectively unreasonable for his attorney to not put him on the witness stand, and he has failed to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. [7] In addition, Page never called to the Court's attention any disagreement with his attorney's decision not to call him to testify nor did he affirmatively call to the Court's attention his desire to testify. A waiver of the right to testify is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *United States v. Webber*, 208 F. 3d 545, 551 (6th Cir. 2000).

"Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to *sua sponte* address a silent defendant and insure whether the defendant knowingly and intentionally waived the right to testify, nor insure that the defendant has waived the right on the

---

[7] Page never states what his testimony would have been or how it might have affected the outcome of his trial.

record." *Id.*

5. Counsel was ineffective for failing to request a lesser included offense instruction.

As the Sixth Circuit found during both of Page's appeals, the jury verdict supported a conspiracy conviction that had a maximum sentence of 20 years because the jury did not find a specific quantity of cocaine that would support a higher statutory maximum. Consequently, the petitioner's sentence was reduced from thirty years to twenty years and he was convicted of a conspiracy offense that had the least possible maximum sentence under the law. The petitioner was only charged with a conspiracy offense. Therefore, there was no lesser included instruction to request.

*The Remaining Issues* [8]

---

[8] Page has filed numerous *pro se* pleadings with the court in a continuing attempt to amend or supplement his § 2255 motion. For instance, Page filed a motion to amend on April 26, 2006, [Doc. 26], seeking to raise an assertion that the evidence was insufficient to support his conviction. This Court denied the motion because Page is represented by appointed counsel. [Doc. 27]. His proposed amendment was also futile, however. He acknowledges that "this argument . . . was twice denied by this Court." Indeed, the Sixth Circuit Court of Appeals specifically decided that the evidence presented at trial was sufficient to support Page's conviction. This Court cannot revisit that issue. The "sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding," *United States v. Osborn*, 415 F. 2d 1021, 1024 (6th Cir. 1969), *cert. denied*, 396 U.S. 1015 (1970) as that is an issue that can be raised only by direct appeal. *See Stephan v. United States*, 496 F. 2d 527, 528-29 (6th Cir. 1974).

More recently, on February 2, 2007, Page filed with the Court a copy of his letter to counsel, requesting counsel amend his § 2255 motion to raise the issue of sufficiency of the evidence. [Doc. 36]. Counsel has appropriately not done so. His letter also requested an amendment to seek relief under the recent United States Supreme Court decision in *Cunningham v. California*, *United States v. Booker*, *Blakley* v. *Washington and Apprendi*. These cases have no application to petitioner's case and his *Apprendi* claim was previously rejected by the Sixth Circuit.

Then, on February 14, 2007, Page filed with the Court a copy of his February 10, 2007 letter to counsel requesting counsel once again to supplement his motion to allege ineffective assistance of counsel for counsel's failure to appear at oral argument of his appeal. Such an argument would be futile and is clearly without merit. Page's first appeal was briefed by counsel and then submitted and decided on the record and briefs pursuant to Fed. R. App. P. 34(c). Page's argument is totally meritless. He makes no effort to demonstrate any prejudice as a result of counsel's failure to orally argue his case, including any argument that counsel's appellate brief lacked

As to the remaining issues raised by Page, he either makes factual allegations contradicted by the record or which are frivolous on their face.

1. Counsel was ineffective for failing to raise prior to trial an [sic] on appeal that movant's IAD right's [sic] were violated and as a result the indictment should be dismissed with prejudice.

Page argues his counsel was ineffective for failing to raise claims that his rights under the Interstate Agreement on Detainers (IADA) were violated in three ways: 1) lack of notice of the detainer, 2) trial was not commenced within 120 days, and 3) he was moved back to the original place of imprisonment prior to the conclusion of his case. As a result, Page claims his indictment should have been dismissed with prejudice.

These claims fail for several reasons. First of all, even if the notice provisions of IADA were violated, dismissal of the indictment is not a remedy available to Page. *See United States v. Robinson*, 455 F. 3d 602 (6th Cir. 2006). Secondly, Page has not attempted to show any prejudice to him from the alleged delay in his trial. And, lastly, there was no violation of the "anti-shuttling" provision of IADA since Page was merely housed at the Washington County Detention Center (WCDC) while in federal custody. The WCDC houses federal prisoners pending trial and sentencing. Page was never returned to state custody after he was removed from state custody by a federal writ.

2. Counsel was ineffective for failing to object at trial and for failing to bring on appeal that Rule 801(d)(2)(e) was violated at trial.

---

the quality necessary for a full review and decision of his issues.

First of all, this allegation is factually incorrect. Page refers to a statement made by Alice Thornton two months after the end of the conspiracy which he says is inadmissible hearsay. It appears from a review of the record, however, that Alice Thornton did not testify about her statement at trial. (Doc. 296 pp. 2-33).

Even if she had, the statement was not inadmissible hearsay just because it was made after the conclusion of the conspiracy. Finally, Page shows no prejudice to him from the admission of the statement especially in view of the finding of the Sixth Circuit that the evidence was sufficient for a conviction without the testimony of Thornton. Page, 232 F. 3d at Appx. p. 3.

3. Counsel was ineffective for not appealing that error was committed when the government vouched for a witness.

Page's factual allegation is once again contradicted by the record. When counsel objected to the testimony of Karen Rose, the government stated that her testimony was relevant to show that Harvey Page was a drug dealer. Contrary to the petitioner's assertions, the jury was in fact charged that the statements, objections or argument of counsel are not evidence and that evidence consists of the sworn testimony of the witnesses and the exhibits admitted into the record. (Doc. 326, pp. 5-6) In addition, the statement made by the prosecutor, i.e. that the testimony of Rose was relevant to show that Page was a drug dealer, does not convey a "conviction of personal belief regarding the movant's character" and is not improper vouching.

4. Trial court abused its discretion by denying movant his right to allocation [sic] pursuant to Fed. R. Crim. P. 32(A)(1)(C) at his resentencing.

Once again, this factual assertion is patently incorrect. Not only did the petitioner speak at his resentencing but he argued with the Court to the extent that the Court ordered that he be taken out of the courtroom. Additionally, Rule 32(a)(1)(C) only requires allocution before imposition of a defendant's original sentence. *United States v. Coffey*, 871 F. 2d 40 (6th Cir. 1989); *United States v. Roquemore*, 89 F. 3d 387 (unpublished).

5. Counsel was ineffective for failing to raise on direct appeal that defendant didn't have a conflict free attorney at resentencing.

The petitioner's attorney on the first direct appeal and at resentencing was Denise Stapleton and his § 2255 motion is directed against her. However, his attorney for his second appeal following his resentencing was Nikki Pierce and she is not named in his motion. [See Doc. 1, p. 6] Therefore, this issue has no factual bearing on his allegation of ineffective assistance of counsel in regard to his pending motion.

Irregardless, Page's claim fails on the merits. He argues that the district court's failure to conduct an inquiry regarding a possible conflict of interest mandates a reversal. While the district court should arguably have conducted an inquiry, failure to do so mandated a reversal <u>only</u> where the defendant can show the conflict adversely affected his counsel's performance. *Mickens v. Taylor*, 535 U.S. 162, 122 S. Ct. 1237, 1245, 152 L. Ed. 291 (2002). He has not done so.

***CONCLUSION***

Because the record conclusively shows that the petitioner is not entitled to relief on any of his issues, this Court will not conduct an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986). Accordingly, it is hereby **ORDERED** that petitioner's motion pursuant to § 2255 is **DENIED**.

The Court has considered each of Page's issues under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). Inasmuch as the petitioner did not allege a substantial showing of the denial of a constitutional right, it is also **ORDERED** that the petitioner is **DENIED** a certificate of appealability as to any issue raised by him. *Fed. R. App. P.* 22(b); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1996). The Court also **FINDS** that the petitioner is indigent for purposes of appeal. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

**SO ORDERED**.

ENTER:

          s/J. RONNIE GREER
          UNITED STATES DISTRICT JUDGE